UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shakim Coleman, | 1:18-CV-6564 |
| *Plaintiff*, | |
| – against – | **Not for Publication** |
| Alltran Education, Inc., *et al.*, | |
| *Defendants*. | **Opinion & Order** |

ROSS, United States District Judge:

The plaintiff in this case alleges that he received a dunning letter from moving defendant Alltran Education, Inc., warning him that "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due" on his debt was subject to increase. Am. Compl. ¶ 29 & Ex. A, ECF No. 7. Plaintiff claims that this letter violated the Fair Debt Collection Practices Act because the debt was not in fact subject to the imposition of late charges. Plaintiff concedes, however, that late charges could theoretically be imposed in the future, and I therefore grant defendant's motion to dismiss.

## BACKGROUND

Plaintiff, Shakim Coleman, is indebted to the United States Department of Education. *See* Am. Compl. ¶ 18. Defendant, Alltran,[1] has been attempting to collect this debt. *Id.* ¶¶ 26, 29–30. As part of its efforts, Alltran sent Coleman a letter dated August 24, 2018, in which Alltran notified Coleman that his total balance was $26,028.65, consisting of $16,573.35 of principal, $4360.19 of interest, $0.00 of penalty charges, and $5095.11 of fees and costs. *Id.*

---

[1] Coleman has sued not only Alltran but also a number of unnamed individuals identified as "JOHN DOES 1–25." Am. Compl. ¶ 1. The complaint, however, makes no specific allegations as to what any of the "John Does" might have done to injure Coleman. The only named defendant is Alltran, which is moving to dismiss the complaint.

1

Ex. A. The bottom of the letter included the following boilerplate text: "As of the date of this letter, you owe the total balance due reflected above. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." *Id.*

Plaintiff claims that this language "would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges." *Id.* ¶ 47. But, plaintiff alleges, the Department of Education "did not have the legal or contractual authority to assess late charges on the [debt]," and Alltran was "never authorized . . . to charge or add late charges to the balance of the [debt]." *Id.* ¶¶ 36–37.

Accordingly, on November 18, 2018, Coleman sued. *See* Compl., ECF No. 1. Coleman then amended his complaint on December 18, 2018. *See* Am. Compl. Alltran has now moved to dismiss Coleman's amended complaint in its entirety for failure to state a claim. *See* Notice of Mot., ECF No. 21.

## DISCUSSION

The FDCPA "prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Avila v. Riexinger & Assocs.*, 817 F.3d 72, 74 (2d Cir. 2016) (quoting 15 U.S.C. § 1692e). "In the Second Circuit, 'the question of whether a communication complies with the FDCPA is determined from the perspective of the "least sophisticated consumer."'" *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)). "Under this standard, a collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation." *Id.*

"[N]ot every technically false representation by a debt collector amounts to a violation of the FDCPA," however. *Cohen v. Rosicki, Rosicki & Assocs.*, 897 F.3d 75, 85 (2d Cir. 2018)

(quoting *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012)). "[A] false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated [consumer]." *Id.* (second alteration in original) (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015)). This "hypothetical least sophisticated consumer does not have 'the astuteness of a "Philadelphia lawyer" or even the sophistication of the average, everyday, common consumer,' but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). This standard both "protect[s] unsuspecting consumers from unscrupulous debt collectors and . . . ensure[s] that debt collectors are not held liable 'for unreasonable misinterpretations of collection notices.'" *Cohen*, 897 F.3d at 85–86 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Plaintiff's claim in this case is straightforward. He argues that because Alltran was not authorized to assess late charges on his debt, it was "simply untrue" for Alltran to state that the amount of the debt could increase "[b]ecause of interest, **late charges**, and other charges that may vary from day to day." Pl.'s Opp'n 9, ECF No. 22.[2] Defendant has two responses: On the law, defendant argues that the language is acceptable under the FDCPA "whenever the debt is subject to increase—whether by late charges, interest or other charges." Def.'s Br. 7, ECF No. 21-1. And in any event, defendant claims, "Plaintiff's debt was, in fact, subject to increase due to late charges." *Id.* at 9.

Defendant's first argument—that the language is not misleading even if late charges are impossible—has divided courts. In *Avila v. Reliant Capital Solutions, LLC*, No. 2:18-CV-2718 (ADS), 2018 WL 5982488 (E.D.N.Y. Nov. 14, 2018), *aff'd on other grounds*, No. 18-3637,

---

[2] Plaintiff also claims that the collection letter "falsely, deceptively, and misleadingly represented that the balance due properly included an amount for collection charges." Pl.'s Opp'n 3. Nothing in the letter says anything about collection charges, however. And plaintiff's brief fails to address why this claim should not be dismissed. I therefore dismiss this claim.

3

2019 WL 2359386 (2d Cir. June 4, 2019) (summary order), the plaintiff argued that a debt collector's use of the safe-harbor language was "false, deceptive, or misleading, because while the Plaintiff's debt [was] accruing interest, there [were] no accruing 'late charges' or 'other fees.'" *Id.* at *4.[3] Judge Spatt of this district rejected this claim, ruling that "[i]n order for the safe harbor language to be accurate, it is only necessary for one of the three components to change." *Id.* Because the parties did not dispute that "interest was accumulating on [the Plaintiff]'s debt," Judge Spatt ruled that the safe-harbor language was accurate and that the letter did not violate § 1692e. *Id.* at *4–5.

By contrast, in *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018), the Seventh Circuit, faced with facts virtually identical to those presented to the district court in *Reliant*, ruled that the letter "falsely implies a possible outcome—the imposition of 'late charges and other charges'—that cannot legally come to pass." *Id.* at 367. What is more, the court ruled that this misrepresentation was material, stating that the "incentive [to pay the debt] is even greater if the debt collector threatens to impose 'late charges and other charges' in addition to interest." *Id.* at 368. A similar conclusion to the Seventh Circuit's was reached in *Hovermale v. Immediate Credit Recovery Inc.*, No. 15-CV-5646 (RBK), 2016 WL 4157160, at *4 (D.N.J. Aug. 4, 2016).

I need not reach this issue, however, because plaintiff has conceded that late charges *could* be assessed on his debt if his debt were rehabilitated and he failed to make timely payments on it thereafter. *See* Min. Entry, ECF No. 24; *cf. Reliant*, 2019 WL 2359386, at *1 (affirming dismissal of case after "counsel for [the plaintiff] conceded that late charges could be imposed on [her] debt were it reinstated from default and acceleration status"). "This case is therefore unlike *Boucher*"—and *Hovermale*—"where the defendant[s] conceded that late

---

[3] In the instant case, by contrast, plaintiff's argument concerns only late charges. He does not allege that Alltran could not impose "other charges."

4

charges . . . were impossible." *Reliant*, 2019 WL 2359386, at *1 (citing *Boucher*, 880 F.3d at 367); *see also Hovermale*, 2016 WL 4157160, at *3. Because late charges could conceivably be assessed, Alltran's "letter was not inaccurate" (*Reliant*, 2019 WL 2359386, at *1), and I therefore dismiss plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, Alltran's motion to dismiss is granted. The Clerk of Court is directed to enter judgment accordingly and close the case.

So ordered.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated:      June 20, 2019
               Brooklyn, New York